IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**BONNIE JO KORZUN,**

       Petitioner,

  v.                                **Crim. Action No.   1:18-CR-55-5**
                                        **Civil Action No.   1:20-CV-79**

**USA,**

       Respondent.

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On April 30, 2020, Bonnie Korzun ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:20-CV-79 Doc. 1; Criminal Action Number 1:18-CR-55-5 Doc. 272].[1]  Because the petition was not on the court-approved form, the Court issued a Notice of Deficient Pleading, and petitioner re-filed her petition on the court form on May 12, 2020.  [Doc. 278].  On November 12, 2020, the Court directed the respondent to file an answer.  [Doc. 340].  Respondent filed a response on December 22, 2020, in which it argues that the petition should be denied and dismissed.  [Doc. 356].  The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

1

## II.     PROCEDURAL HISTORY

### A. Conviction and Sentence

On November 6, 2018, petitioner was charged with conspiracy to distribute controlled substances, distribution of heroin, aiding and abetting distribution of cocaine base, and distribution of cocaine base.  On April 30, 2019, petitioner appeared before the undersigned for a plea hearing at which she entered a plea of guilty pursuant to a plea agreement to Count Eight of the Indictment, distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  On October 16, 2019, petitioner was sentenced to a term of 77 months imprisonment.

### B. Appeal

Petitioner did not file an appeal from the judgment of her conviction.

### C. Federal Habeas Corpus

On April 30, 2020, petitioner filed the instant petition.  As set forth above, the petitioner re-filed her petition on the court-approved form on May 12, 2020, and the respondent filed a response on December 21, 2020.  In her petition, petitioner raises claims of ineffective assistance of counsel.  Specifically, petitioner lists three reasons she contends her trial counsel was ineffective.  First, that her attorney "quoted 56 months to client, [h]owever the range was 77."  [Doc. 278 at 5].  Second, that she asked to review evidence prior to accepting the plea agreement but that her attorney failed to provide access to the information.  [Id.].  Third, that her attorney "failed to address prosecution regarding other plea agreements/arrangements."  [Id.].  For relief, petitioner asks to be resentenced and for renegotiation of her plea agreement.

### III.	STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" **Id**. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." **Id**. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." **Id**. (citing 28 U.S.C. § 2255(b)).  "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." **Id**. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

### IV.	ANALYSIS

Criminal defendants have a Sixth Amendment right to effective legal assistance. **Strickland v. Washington**, 466 U.S. 668, 687 (1984).  To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis:

3

first, she must show both that counsel's performance fell below an objective standard of reasonableness and, second, that she was prejudiced by counsel's alleged deficient performance.  *Strickland*, 466 U.S. at 669.

When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689; *see also* **Gray v. Branker**, 529 F.3d 220, 228–29 (4th Cir. 2008).  "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'"  *Gray*, 529 F.3d at 228 (quoting *Strickland*, 466 U.S. at 688).  The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different.  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.

The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'"  **Lewis v. Wheeler**, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced."  **Bunch v. Thompson**, 949 F.2d 1354, 1363 (4th Cir.1991).

The second prong of **Strickland** requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. **Strickland**, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. If it is clear the petitioner has failed to satisfy either prong of the **Strickland** standard, a court need not inquire into whether he satisfied the other.

As Judge Hollander stated so well in **Wilson v. United States**, 2016 WL 1366024, at *12–13 (D. Md. April 6, 2016) (Hollander, J.):

> First, the petitioner must show that his attorney's performance fell "below an objective standard of reasonableness," measured by "prevailing professional norms." **Strickland**, 466 U.S. at 688. This is known as the "performance prong" of the test, which relates to professional competence. In this regard, the petitioner must establish, by a preponderance of the evidence, that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.'" **Harrison v. Richter**, 562 U.S. 86, 104 (2011) (quoting **Strickland**, 466 U.S. at 687).
>
> The performance prong is "'difficult'" to establish. **Lawrence v. Branker**, 517 F.3d 700, 709 (4th Cir. 2008) (quoting **James v. Harrison**, 389 F.3d 450, 457 (4th Cir. 2004)). "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" **Branker**, 517

F.3d at 708 (quoting *Strickland*, 446 U.S. at 689); see *Harrington* [*v. Richter*], 562 U.S. at 104 [(2011)]; *Lee v. Clarke*, 781 F.3d 114, 122 (4th Cir. 2015). Indeed, "the *Strickland* standard must be applied with scrupulous care." *Harrington*, 562 U.S. at 105.

As to performance, the central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id*. at 88 (quoting *Strickland*, 466 U.S. at 690). The Supreme Court said in *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986): "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."

Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Id*.

As the Supreme Court said in *Padilla* [*v. Kentucky*], 559 U.S. at 371 [(2010)], "Surmounting *Strickland's* high bar is never an easy task." A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error]

6

> would have made any difference in light of all the other evidence of guilt."
>
> **Berghuis v. Thompkins**, 560 U.S. 370, 390 (2010).
>
> A court need not address both components if one is dispositive. **Jones v. Clarke**, 783 F.3d 987, 991 (4th Cir. 2015). This is because the petitioner must prove both prongs in order to prevail; failure to satisfy either prong is fatal to a petitioner's claim. **Fields v. Attorney Gen. of Maryland**, 956 F.2d 1290, 1297-99 (4th Cir. 1985). As a result, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." **Strickland**, 466 U.S. at 697. Thus, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." **Strickland**, 466 U.S. at 697.
>
> **Wilson v. United States**, 2016 WL 1366024, *12–13.

Here, petitioner sets forth three bases for her ineffective assistance of counsel claim. First, she claims that her counsel "quoted 56 months to client, [h]owever the range was 77." [Doc. 278 at 5]. When petitioner appeared for her change of plea hearing, the undersigned informed her that the Sentencing Guidelines are merely advisory, that the sentence could not be determined until after the United States Probation Office had prepared a presentence report, and that the Court was not bound by the recommendations or stipulations in the plea agreement; petitioner indicated that she understood this and that she would not have the right to withdraw her plea of guilty if the sentence ultimately imposed was more severe than anticipated. [Doc. 164 at 3]. Given this, the Court finds that petitioner is unable to meet the prejudice prong of **Strickland**:

7

she is unable to show that but-for her attorney predicting a 56-month sentence that the result of the proceedings would have been any different. Based on her statements at the change of plea hearing, petitioner understood that entering her plea of guilty could subject her to a higher sentence than she anticipated.

Similarly, petitioner's second argument is contradicted by her statements at her change of plea hearing. Petitioner contends that her counsel was ineffective because she asked to review evidence in her case prior to acceptance of her plea agreement but that her attorney failed to provide her access to the information. At her plea hearing, she stated that there was nothing she had asked her lawyer to do that was not done. [Doc. 164 at 3]. "[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process." **United States v. Bowman**, 348 F.3d 408, 417 (4th Cir. 2003). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." **United States v. Lemaster**, 403 F.3d 216, 221–22 (4th Cir. 2005).

Finally, petitioner claims her attorney was ineffective by "fail[ing] to address prosecution regarding other plea agreements/arrangements." [Doc. 278 at 5]. The Government contends that there was only one plea agreement offered in this case. [Doc. 356 at 8]. It cannot be ineffective assistance of counsel for petitioner's attorney to have failed to discuss plea agreements that were never offered. Further, petitioner knowingly and voluntarily entered her plea agreement in this case and she is unable to

show any prejudice that resulted from her attorney's failure to discuss other plea agreements.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:20-CV-79 Doc. 1; Criminal Action Number 1:18-CR-55-5 Doc. 272**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation

completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

    **DATED**:  April 1, 2022.

                                           /s/ *Michael John Aloi*
                                           MICHAEL JOHN ALOI
                                           UNITED STATES MAGISTRATE JUDGE